

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,901-02

### EX PARTE ROBERT L. MILLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-17-0594-SA-W-1 IN THE 340TH DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and was sentenced to thirty-eight years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to investigate, failed to review any evidence or discovery with Applicant, failed to challenge the credibility of Applicant's co-defendant, failed to raise issues of illegal arrest

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

and coerced confession by way of a motion to suppress, failed to move for a speedy trial or a reduction in bail, advised Applicant to plead guilty pursuant to a plea agreement, and failed to provide Applicant with a copy of his file upon request following Applicant's conviction.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents, including any written plea agreement, admonishments, waivers and stipulations, judicial confession, and any evidence that was introduced in support of Applicant's guilty plea. The trial court shall also supplement the habeas record with a copy of the trial docket, and with copies of any written motions that were filed by trial counsel in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish